UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CLEVELAND BAR ASSOCIATION** | ) | **CASE NO.  5:06 CV 462** |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **BRIAN WOODS, SR.,** | ) | **ORDER** |
| *et al.* | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court, *sua sponte*, upon the question of subject matter jurisdiction.  The defendants filed their response to the show cause order on March 16, 2006.  See (Dkt. # 9).  The plaintiff filed a Request for Remand and/or Abstention on March 16, 2006.  See (Dkt. # 8).  The Court shall construe the plaintiff's filing as a response to the show cause order.

The record indicates that the defendant removed this action from the Supreme Court of the State of Ohio's adjunct board on the Unauthorized Practice of Law on March 1, 2006.  As support for removal jurisdiction, the defendants asserted that the disciplinary proceedings emanated from alleged unauthorized practice of law occurring during their litigation of claims brought pursuant to the Individual with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. in four cases before this Court.

"The district courts of the United States . . . are 'courts of limited jurisdiction.  They

possess only that power authorized by Constitution and statute.'" Exxon Mobil Corp. v. Allapattah Servs., 125 S.Ct. 2611, 2616-17, 162 L. Ed. 2d 502 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). The removal statutes evince the intent of Congress to grant "a limited class of state-court defendants" the right to a federal forum. Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). In this vein, the removal statues are to be narrowly construed. See First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002). Indeed, the district court must remand a case if at any time prior to final judgment it appears that the case was removed improvidently and without jurisdiction. See 28 U.S.C. § 1447(c). Remand from district court to state court is appropriate in two instances: (1) the absence of subject matter jurisdiction; or (2) a defect in the removal procedures. See Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995).

Defendants may remove an action to federal court pursuant to 28 U.S.C. § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question, such as a federal cause of action, or demonstrates a diversity of citizenship between the parties. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). As the parties invoking federal jurisdiction, the defendants bear the burden of proving the requirements of diversity jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

Title 28 U.S.C. § 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1] 28

---

[1] It is uncontroverted that diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1332 because the Plaintiff and a substantial number of the defendants share Ohio citizenship.

U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9-10 (1983). Under that rule, the Court generally looks only to the plaintiff's complaint to determine the existence of a federal element. See Gully v. First National Bank, 299 U.S. 109 (1936); Louisville & N.R. R. Co. v. Mottley, 211 U.S. 149 (1908).

The Court notes that the pleadings of a pro se litigant are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, these "liberal pleading standards" are not without limits and even a pro se plaintiff must, in order to avoid dismissal, make allegations which can conceivably be read to vest subject matter jurisdiction with the Court. See Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

As a threshold matter, it is well-established that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393 (citation omitted). In the case *sub judice*, the complaint advanced against the defendants alleges various violations of the Ohio Supreme Court rules governing the unauthorized practice of law. The defendants counter that the IDEA vests parents with the right to appear pro se in proceedings brought on behalf of their children pursuant to the statute. However, the interpretation of the IDEA – which the defendants contend vests this Court with federal subject matter jurisdiction – is essentially a federal defense to the action. Therefore, removal

was improper.

Assuming *arguendo* that the complaint in this matter can be construed to allege a federal claim, jurisprudential doctrine counsel in favor of remand. In Younger v. Harris, 401 U.S. 37, 45 (1971), the Supreme Court held that a federal court should not enjoin a pending state criminal proceeding unless "the danger of irreparable loss is both great and immediate." (citations omitted). The Supreme Court extended its holding in Younger to "noncriminal judicial proceedings when important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (citations omitted).

In Middlesex, a lawyer challenged disciplinary proceedings of the New Jersey Bar Association by filing suit in federal court, contending his First Amendment rights were violated. Id. at 427-29. In concluding the federal district court properly dismissed the case pursuant to the holding of Younger, the Middlesex Court set forth a three-part test for determining whether Younger abstention is applicable to state bar disciplinary hearings:

> 1. Do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding;
> 2. Do the proceedings implicate important state interests; and
> 3. Is there an adequate opportunity in the state proceedings to raise constitutional challenges.

Id. at 432.

The Sixth Circuit examined the application of this three-part test to Ohio bar disciplinary action in Berger v. Cuyahoga County Bar Association, 983 F.2d 718 (6th Cir. 1993). In concluding the first prong was satisfied as the Ohio procedures are judicial in nature, the Berger court noted that "Ohio's constitution vests original jurisdiction in its

supreme court over 'admission to the practice of law, the discipline of persons so admitted, and all other matter relating to the practice of law'. . . [and] thus, the proceedings are within the 'constitutionally-prescribed jurisdiction' of the Supreme Court of Ohio." Id. at 723 (citations omitted). Further, the Berger court stated, "the Ohio disciplinary proceedings are carried out by committees which are arms of the Ohio Supreme Court . . .[with] the supreme court ultimately deciding what discipline should be given." Id.

This conclusion is not altered by the fact the defendants are not attorneys licensed to practice in Ohio. See Bailey v. Columbus Bar Ass'n, 25 Fed. Appx. 225, 2001 U.S. App. LEXIS 24479 (6th Cir.) Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law. As stated by the Ohio Supreme Court in Land Title Abstract Trust Co. v. Dworken, 129 Ohio St. 23, 35 (1934) (citation omitted),

> Of what avail is the power to license in the absence of power to prevent one not licensed from practicing as an attorney? In the absence of power to control or punish unauthorized persons who presume to practice as attorneys and officers of this court the power to control admissions to the bar would be nugatory.

Turning to the second-prong, the Berger court concluded the regulation of the legal profession is of great importance to Ohio, noting the actions taken to protect Ohio's role in maintaining the integrity of its legal profession. Berger, 983 F.2d at 723. See also Brown v. Ohio Disciplinary Counsel, 2000 U.S. App. LEXIS 23662 (6th Cir.); Harper v. Office of Disciplinary Counsel, 1997 U.S. App. LEXIS 10610 (6th Cir.); Baumgartner v. Murman, 2003 U.S. Dist. LEXIS 26318 (N.D. Ohio).

With respect to the third-prong, the Middlesex Court stated, "so long as the

constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex, 457 U.S. at 435. In this matter, there is no question that the defendants may raise their defense – specifically, that the IDEA authorized their representation in the case at issue – during the disciplinary proceedings. See Brown, 2000 U.S. App. LEXIS 23662 (6th Cir.); Harper, 1997 U.S. App. LEXIS 10610 (6th Cir.). Moreover, the defendants fail to allege specific facts showing bad faith and/or harassment.

In short, the defendants' attempt to re-enter the federal court is premature. The defendants will have the opportunity to advance their interpretation of the IDEA in the state disciplinary proceedings. Of course, this implies that the defendants actively will participate in those proceedings – a notion the plaintiff appears to dispute. In the event the defendants are denied a forum in which to raise these issues, as with any party, they thereafter may choose to file a claim in this Court for a denial or due process or other constitutional guarantees.

Finally, the plaintiff seeks an award of attorney's fees and costs for the defendants' improper removal of the action. Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court recently stated:

> The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district

>   courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

Martin, 126 S. Ct. at 711. The Court finds that removal was reasonable in this case due to the unique status of pro se representation in IDEA cases, see Winkleman v. Parma Cty. School Dist., No. 04-4159, 2006 U.S. App. LEXIS 1874 (Jan. 25, 2006), in the law. The Court cautions, however, that the Supreme Court has opined:

>   The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Martin, 126 S. Ct. at 711. This echos the Court's earlier statement:

>   The well-advised defendant, we are satisfied, will foresee the likely outcome of an unwarranted removal--a swift and nonreviewable remand order, see 28 U.S.C. § 1447(c), (d), attended by the displeasure of a district court whose authority has been improperly invoked. The odds against any gain from a wrongful removal, in sum, render improbable [the] projection of increased resort to the maneuver.

Caterpillar, 519 U.S. at 77-78. (emphasis added).

For the foregoing reasons, the Court hereby orders that the defendants have failed to show cause why this case should not be remanded to the Supreme Court's adjunct Board on the Unauthorized Practice of Law. Accordingly, the Court hereby orders that the case is

**REMANDED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c).

    **IT IS SO ORDERED.**

                                                 **/s/ *Peter C. Economus* -March 20, 2006**
                                                 **PETER C. ECONOMUS**
                                                 **UNITED STATES DISTRICT JUDGE**